Shauck, J.
On behalf of the plaintiff in error lit is contended that in view of the facts alleged in the second defense, the contract set ont in the petition is void because it is contrary to public policy and violative of the provisions of our statute (sections 3366 et seq.) prohibiting discriminating rates of carriage. These questions have been the subject of many decisions, those made prior to the year 1885 being collected and analyzed in Scofield v. Railway Co., 43 Ohio St., 571, where a contract contemplating such discrimination in the rates of carriage was held to be unlawful, and further discrimination enjoined. It was there also held that the provisions of statutes and special charters prohibiting such discriminations are but declaratory of the common law. A more recent discussion of the question may be found in Union Pacific Ry. Co. v. Goodridge, 149 U. S., 680.
The remaining question is whether the carrier’s contract to repay to the shipper a portion of the regular rate of carriage by him actually paid to it can be enforced by action. Since the amount actually paid by the coal company was the regular rate posted for the carriage and paid by other shippers, it is obvious that the stipulation counted upon in the petition is that which renders the contract illegal. That courts organized to enforce the law will not lend their countenance to a claim founded upon its violation has been long and uniformly held, except in thosé cases where a departure from principle is required by statute. A consideration of the moral right of the carrier to retain money which it has agreed to repay would only divert attention from the merits of the case. A recovery in such case is not denied because of any supposed rights of the promissor, but out of that respect for the *252 law in which the courts should not be wanting, although the parties may be. The recovery will be denied however and whenever the illegality of the contract upon which a recovery is sought may be made to appear. The defense need not be interposed by the promissor. It could not be effectually waived by him. As was said by Justice Swayne in Coppell v. Hall, 7 Wall., 542: “Whenever the illegality appears, whether the evidence comes from one side or the other, the disclosure is fatal to the case. No consent of the defendant can neutralize its effect. A stipulation in the most solemn form to waive the objection would be tainted with the vice of the original contract, and void for the same reasons.”

Judgment of the circuit court reversed and that of the common pleas affirmed.